UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEFFREY LONG,

        Plaintiff,

  -against-

JOHN CALACA, DANIEL FLANICK, JAMES
DETCH, and TOWN OF CRAWFORD,

        Defendants.
------------------------------------------------------------------X

07 CIV. 8083

COMPLAINT
BRIEANT

PLAINTIFF
DEMANDS TRIAL
BY JURY

  Plaintiff, JEFFREY LONG, by his attorneys, ROBERT N. ISSEKS, ESQ. and ALEX SMITH, ESQ., complaining of the defendants, alleges as follows:

## PARTIES

  1. Plaintiff, Jeffrey Long ("Long"), is an individual residing in the County of Orange, State of New York.

  2. Defendant John Calaca ("Calaca") was at all times relevant to this action the Building Inspector of the Town of Crawford. Calaca is being sued in his individual and official capacities.

  3. Defendant Daniel Flanick ("Flanick") was at all times relevant to this action the Deputy Supervisor and a member of the Town Board of the Town of Crawford. Flanick is being sued in his individual and official capacities.

  4. Defendant James Detch ("Detch") was at all times relevant to this action

a member of the Police Advisory Board of the Town of Crawford. Detch is being sued in his individual and official capacities.

5. The defendant Town of Crawford ("Town") is a municipal corporation duly formed under the laws of the State of New York. The Town is located in the County of Orange and State of New York.

6. At all times mentioned herein, defendants and each of them were acting under color of state law.

## JURISDICTION AND VENUE

7. This is a civil action authorized by 42 U.S.C. §1983 seeking declaratory relief and compensatory and punitive damages to redress the deprivations, under the color of state law, of rights, privileges, and immunities secured to Long by the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred by 28 U.S.C. §§1331, 1343, and 2201.

8. This action is properly filed in the United States District Court for the Southern District of New York, as authorized by 28 U.S.C. §1391, inasmuch as jurisdiction of this action is not founded on diversity of citizenship, each claim arose within the Southern District of New York and defendants' residences and/or principal place of business are located in the Southern District of New York.

## STATEMENT OF CLAIMS

9. From about March or April, 2004 until May or June, 2006, Long and his

former partner, Kevin McGill, operated a dog-training school known as Orange County Dog Training Services, located at 2866 Route 17K in the Town of Crawford.

10. On or about September 13, 2005, a friend of Flanick, Claude Babcock, who was then running for a political office of the Town of Crawford, placed one of his, Babcock's, campaign signs on the aforementioned 2866 Route 17K property.

11. Long and McGill asked Babcock to remove his campaign sign from their property and Babcock refused to do so and became disorderly.

12. On or about September 13, 2005, as a result of Babcock's aforesaid unlawful conduct, Long caused an accusatory instrument to be filed with the Town of Crawford Justice Court charging Babcock with the offense of disorderly conduct as defined by N.Y.S. Penal Law §240.20.

13. Long's conduct in causing the filing of the aforesaid disorderly conduct charge against Babcock constituted protected speech under the First Amendment and an exercise of Long's Fourteenth Amendment right of access to the courts.

14. From about September 13, 2005 to about January 4, 2006, defendants conspired with one another for the purpose of threatening and coercing Long to dismiss his charge of disorderly conduct against Babcock.

15. From about September 13, 2005, to about January 4, 2006, in

furtherance of said conspiracy, defendants, acting individually and in concert with one another, abused their respective positions as Town of Crawford officials to force Long to write a letter to the Town of Crawford Justice Court dismissing the disorderly conduct charge against Babcock. Defendants' concerted course of conducted included:

    i. threatening Long and McGill that a certificate of occupancy would not be issued for the 2866 Route 17K property unless Long wrote the aforementioned letter to the Justice Court dismissing the charge of disorderly conduct against Babcock;

    ii. advising Long and McGill that if such letter were sent to the Justice Court a certificate of occupancy for the 2866 Route 17K property would be issued but that if the letter were not sent to the Justice Court, defendants would prevent the issuance of a certificate of occupancy;

    iii. threatening to physically harm Long if the aforementioned letter was not sent to the Justice Court;

    iv. threatening to financially harm Long if the aforementioned letter was not sent to the Justice Court;

    v. causing Long, McGill and/or the 2866 Route 27K property to be cited for violation of the Town of Crawford Building Code when in fact there was no such violation;

vi. stating to Long that if his charge against Babcock was dropped then all of Long's problems would disappear, but if the charge was not dropped, the dog-training school would be shut down and physical harm would come to Long and his family;

vii. causing Long and his family to be subjected to an ongoing course of harassment and to ongoing threats to their safety and well-being.

16. As a result of defendants' conduct as set forth above, and because Long and McGill could not operate their business without a certificate of occupancy for the 2866 Route 27K property, Long was forced to send the aforementioned letter to the Town of Crawford Justice Court for the dismissal of the disorderly conduct charge against Babcock.

17. Defendants' conduct as set forth above constituted, under the N.Y.S. Penal Law, the crimes of bribe receiving in the third degree, coercion in the first degree, coercion in the second degree, tampering with a witness in the third degree and official misconduct.

18. Defendants' conduct as set forth above constituted retaliation against Long for his having exercised his First Amendment right to freedom of speech when he caused the filing of the disorderly conduct charge against Babcock.

19. Defendants' conduct as set forth above constituted retaliation against Long for his having exercised his Fourteenth Amendment rights to substantive due

process and access to the courts when he caused the filing of the disorderly conduct charge against Babcock.

20. Defendants' conduct as set forth above was irrational, arbitrary, capricious, conscience shocking and malicious and violated Long's rights to procedural and substantive due process and to equal protection under the Fourteenth Amendment.

23. As a result of defendants' illegal and unconstitutional conduct as set forth above, Long was forced to terminate his interests in Orange County Dog Training Services and thereby suffer substantial monetary loss.

24. As a result of defendants' illegal and unconstitutional conduct as set forth above, Long was forced to suffer severe emotional and psychological injuries.

25. The individual Defendants each engaged in the conduct described above in their capacities as final policymakers of the Town of Crawford.

26. The conduct set forth above constituted and/or was the result of a Town of Crawford policy of deliberate indifference to the rights of Long and others under the First and Fourteenth Amendments.

27. Based upon the foregoing, defendants are liable to Long for compensatory damages.

28. The individual defendants' illegal and unconstitutional conduct as set

forth above was performed by each of them in bad faith and with a deliberate indifference to Long's constitutional rights rendering these defendants liable to Long for punitive damages.

WHEREFORE, Long asks this Court to:

A. Issue an order adjudging and declaring that defendants' conduct violated Long's right to freedom of speech guaranteed by the First Amendment to the United States Constitution;

B. Issue an order adjudging and declaring that defendants' conduct violated Long's right to access to the courts guaranteed by the Fourteenth Amendment to the United States Constitution;

C. Issue an order adjudging and declaring that defendants' conduct violated Long's rights to procedural and substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution;

D. Issue an order adjudging and declaring that defendants' conduct violated Long's rights to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution;

E. Award Long compensatory damages against each of the defendants;

F. Award Long punitive damages against each of the individual defendants;

G. Award Long the costs and disbursements of this action;

H. Award Long reasonable attorney fees; and

I. Grant Long such further and other relief as to this Court may seem just and proper.

Dated: Middletown, New York
      September 12, 2007

                                                    */s/*
ROBERT N. ISSEKS (RI 0241)
ALEX SMITH (AS 5052)
Attorneys for Plaintiff
6 North Street
Middletown, New York 10940
(845) 344-4322

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEFFREY LONG,

                                    Plaintiff,                        VERIFICATION

       -against-

JOHN CALACA, DANIEL FLANICK, JAMES
DETCH, and TOWN OF CRAWFORD,

                                 Defendants.
------------------------------------------------------------------X

State of New York, County of Orange ss.:

    JEFFREY LONG, being duly sworn, deposes and says:

    That he is the plaintiff herein; that he has read the foregoing Complaint and knows the content thereof; that same is true upon his personal knowledge or upon information and belief.

                                                                    _____
                                                                       JEFFREY LONG

Sworn to before me this

12th day of September, 2007

_____
LINDA C. VANDERBECK
Notary Public, State of New York
No. 01VA4053895
Qualified in Ulster County
Commission Expires July 24, 2009