UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JEFFREY LONG,

                             Plaintiff(s),

   - against -

JOHN CALACA, DANIEL FLANICK, JAMES DETCH,
and TOWN OF CRAWFORD,

                             Defendant(s).
-------------------------------------------------------------------------X

**VERIFIED ANSWER**

Index No:
07 CIV 8083 (CLB)

Defendant, TOWN OF CRAWFORD, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, answering the Plaintiff's Verified Complaint:

### PARTIES

1. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Verified Complaint designated **"1"** and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

2. Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated as **"2"**, except admits, upon information and belief, that John Calaca was the Town of Crawford Building Inspector between September 13, 2005 and January 4, 2006 and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

3. Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated as **"3"**, except admits, upon information and belief,

that Daniel Flanick was a member of the Town Board of the Town of Crawford between September 13, 2005 and January 4, 2006 and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

4. Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated as "4", except admits, upon information and belief, that James Detch was a member of the Police Advisory Board of the Town of Crawford between September 13, 2005 and January 4, 2006 and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

5. Admit, upon information and belief, those allegations contained in paragraph "5" of the Verified Complaint and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

6. Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "6" insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## JURISDICTION AND VENUE

7. Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "7" and "8" insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier

of fact.

## FACTS AND CLAIMS FOR RELIEF

8. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph(s) of the Verified Complaint designated **"9" and "11"**.

9. Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated **"10"** insofar as the allegations pertain or relate to this answering defendant.

10. Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated **"12"** insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11. Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"13" and "25"** insofar as the allegations pertain or relate to this answering defendant and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

12. Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"14", "15(i-vii)", "16", "23", "24", "26", "27" and "28"**.

13. Denies each and every allegation contained in the paragraphs of the

Verified Complaint marked and designated "17", "18" "19" and "20" and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

14. Defendant is entitled to qualified immunity as a matter of law since their actions were objectively reasonable.

### AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

15. Plaintiff has no First Amendment cause of action under <u>Bivens</u>.

### AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

16. Plaintiff has no viable First Amendment retaliation claim based upon there being insufficient evidence as a matter of law that the filing of the disorderly conduct against Babcock was a substantial or motivating factor of the alleged retaliatory conduct by defendant(s).

### AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

17. Defendants' actions did not give rise to a procedural due process claim under the Fourteenth Amendment based upon a failure to meet the standard two part test under <u>Strong v. Board of Education</u>, 902 F.2d 208, 211 (2d Cir.1990): 1) plaintiff's assertion of a property interest protected by the Constitution; and 2) defendants' depriving plaintiff of that property interest without due process.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

18. Defendants' actions did not give rise to a substantive due process claim under the Fourteenth Amendment since they were not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998).

## AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

19. Defendants' actions did not shock the conscience since they were not intended to cause injury.

## AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

20. Defendants did not intentionally treat plaintiff differently from other similarly situated persons because of a malicious intent to injure, or in the alternative, defendants did not intentionally treat plaintiff differently from others with no rational basis for the difference in treatment; as such, plaintiff's alleged Equal Protection violation under the Fourteenth Amendment must be dismissed as a matter of law. See e.g. Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005).

## AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

21. The factual findings and legal conclusions contained within Justice Alfieri's Decision and Order in People v. Daniel Flanick and John Calaca, which dismissed all criminal charges, serve to collaterally estop the plaintiff's First and Fourteenth Amendment claims, as a matter of law.

### AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

22. Plaintiff voluntarily, and without duress, sent a letter to the Town of Crawford Justice Department for the dismissal of the disorderly conduct charge against Babcock.

### AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

23. Defendants never failed to issue any certificate of occupancy in connection with plaintiff's dog-training school business.

### AS AND FOR A ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

24. Plaintiff's lawsuit should be deemed frivolous under F.R.C.P. Rule 11 based upon: 1) Justice Alfieri's Decision and Order dismissing all criminal charges against Flanick and Calica; and 2) the failure of Claude Babcock's conduct on or about September 13, 2005, to constitute disorderly conduct under Section 240.20 of the New York State Penal Law.

### AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

25. Plaintiff did not suffer any actual damages as a result of defendants' conduct.

### AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

26. Punitive damages are not assessable against defendants as a matter of law.

### AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

27. Plaintiff's Verified Complaint fails to state a viable constitutional claim

under the First or Fourteenth Amendments as a matter of law.

**WHEREFORE**, Defendant, TOWN OF CRAWFORD demands judgment dismissing the Verified Complaint together with the attorneys' fees, costs and disbursements of this action.

DATED:    Elmsford, New York
          November 30, 2007

                         Yours, etc.

                         MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP
                         By: _____
                         Richard S. Sklarin (RSS 1017)
                         Attorneys for Defendant
                         TOWN OF CRAWFORD
                         570 Taxter Road
                         Elmsford, New York 10523
                         (914) 345-6510
                         Our File No.: 07-629

TO:

ROBERT N. ISSEKS (RI 0241)
ALEX SMITH (AS 5052)
Attorneys for Plaintiff
6 North Street
Middletown, New York 10940
(845) 344-4322

JACOBOWITZ AND GUBITS, LLP
Attorneys for Defendants
JOHN CALACA, DANIEL FLANICK
and JAMES DETCH
158 Orange Avenue
Post Office Box 367
Walden, New York 12586
(845) 778-2121
File #: 647-21

## ATTORNEY VERIFICATION

**RICHARD S. SKLARIN**, an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the defendant TOWN OF CRAWFORD. I have read the annexed **Verified Answer** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: file information contained in my possession.

The reason I make this affirmation instead of said defendant is your deponent maintains his office outside of the county in which the defendant maintains their places of business.

I affirm that the foregoing statements are true under penalties of perjury.

DATED:   Elmsford, New York
         November 30, 2007

_____
RICHARD S. SKLARIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JEFFREY LONG,                                                            **AFFIDAVIT OF SERVICE**

                         Plaintiff(s),                    Index No: 07 CIV 8083 (CLB)

  - against -

JOHN CALACA, DANIEL FLANICK, JAMES DETCH, and
TOWN OF CRAWFORD,

                         Defendant(s).
-----------------------------------------------------------------------X
STATE OF NEW YORK            )
                           )ss.:
COUNTY OF WESTCHESTER )

     **ANDREA BATTS**, being duly sworn, deposes and says that she is over the age of 18 years, that she is not a party to the above-entitled action, and that on November 30, 2007, she served the within Verified Answer upon the following attorney(s), in the following place(s) and in the following manner:

ROBERT N. ISSEKS (RI 0241)
ALEX SMITH (AS 5052)
Attorneys for Plaintiff
6 North Street
Middletown, New York 10940

JACOBOWITZ AND GUBITS, LLP
Attorneys for Defendants
JOHN CALACA, DANIEL FLANICK and JAMES DETCH
158 Orange Avenue, Post Office Box 367
Walden, New York 12586

by depositing a copy of same properly enclosed in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States, directed to said attorney(s), respectively, at said address(es) within the State designated for that purpose upon the last papers served in this action or the place where the above then kept offices, according to the best information which can be conveniently obtained.

                                                   _____
                                                   **ANDREA BATTS**

Sworn to before me
November 30, 2007

_____
NOTARY PUBLIC

                          Richard S. Sklarin
                    Notary Public, State of New York
                         No. 02SK5054676
                  Qualified in Westchester County
             Commission Expires January 22, 20 _10_