UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KEVIN McGILL, Intervening Plaintiff,

                            Plaintiff,

        -against-

JOHN CALACA, DANIEL FLANICK,
JAMES DETCH, and TOWN OF CRAWFORD,

                  Defendants.

-----------------------------------------------------------X

**VERIFIED ANSWER** to
Intervening Plaintiff, McGill's
Complaint

Index No. 07 CIV 8083 (CLB)

        Defendant DANIEL FLANICK by his attorneys OSTRER ROSENWASSER, LLP,

answering the Intervening Plaintiff, Keving McGill's, Verified Complaint:

## **PARTIES**

        1.  Denies any knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in the paragraph of the Verified Complaint designated **"1"** and

respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

        2.  Denies each and every allegation contained in the paragraph of the Verified

Complaint marked and designated as **"2,"** except admits, upon information and belief, that John

Calaca was the Town of Crawford Building Inspector between September 13, 2005, and

January 4, 2006, and respectfully refers all questions of law to the Court and all questions of fact

to the trier of fact.

        3.  Denies each and every allegation contained in the paragraph of the Verified

Complaint marked and designated as **"3,"** except admits, upon information and belief, that

DANIEL FLANICK was a member of the Town Board of the Town of Crawford between

September 13, 2005, and January 4, 2006, and respectfully refers all questions of law to the

Court and all questions of fact to the trier of fact.

4.  Denies each and every allegation contained in the paragraph of the Verified

Complaint marked and designated as **"4,"** except admits, upon information and belief, that

JAMES DETCH was a member of the Police Advisory Board of the Town of Crawford between

September 13, 2005, and January 4, 2006, and respectfully refers all questions of law to the court

and all question of fact to the trier of fact.

5.  Denies any knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in the paragraph of the Verified Complaint designated **"5"** and

respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

6.  Admits, upon information and belief, those allegations contained in paragraph **"6"** of

the Verified Complaint and respectfully refers all questions of law to the Court and all questions

of fact to the trier of fact.

7.  Denies each and every allegation contained in the paragraph of the Verified

Complaint marked and designated **"7"** insofar as the allegations pertain or relate to this

answering defendant and begs leave to refer to same at the time of trial and respectfully refers all

questions of law to the Court and all questions of fact to the trier of fact.

### JURISDICTION

8.  Denies each and every allegation contained in the paragraph of the Verified

Complaint designated**"8"** insofar as the allegations pertain or relate to this answering defendant

and begs leave to refer to same at the time of trial and respectfully refers all questions of law to

the Court and all questions of fact to the trier of fact.

**FACTUAL ALLEGATIONS**

9.  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Verified Complaint designated **"9."**

10.  Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Verified Complaint designated **"10," "11," "12," "13," "14," "15," "16," "17," "18,"** "21," **"22,"** "27" insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11.  Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"19," "20," "26,"** "28," **"29," "30," "31," "32," "33," "34,"** and **"35,"** insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

12.  Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"23," "24(i-iii),"** and **"26."**

13.  Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"25"** and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**CAUSES OF ACTION**

14.  Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"36," "37," "38,"** and **"39"** insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**AS AND FOR A FIRST SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

15.  Defendant is entitled to qualified immunity.

**AS AND FOR A SECOND SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

16.  Plaintiff's Verified Complaint fails to state a viable constitutional claim under the

First or Fourteenth Amendments as a matter of law.

**AS AND FOR A THIRD SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

17.  Plaintiff did not suffer any actual damages as a result of defendant's conduct.

**AS AND FOR A FOURTH SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

18.   Punitive damages are not assessable against defendant as a matter of law.

**AS AND FOR A FIFTH SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

19.  Defendant had no authority to issue or not issue a certificate of occupancy to

plaintiff.

**AS AND FOR A SIXTH SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

20.  Plaintiff voluntarily, and without duress, sent a letter to the Town of Crawford

Justice Court for the dismissal of the disorderly conduct charge against BABCOCK in an effort

to conspire with defendant DETCH to avoid zoning law requirements applicable to plaintiff's

business premises in the defendant TOWN OF CRAWFORD.

**AS AND FOR A SEVENTH SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE**

21.  The factual findings and legal conclusions contained within Judge Alfieri's Decision

and Order in People v. Daniel Flanick and John Calaca, which dismissed all criminal charges,

serve to collaterally estop the plaintiff's First and Fourteenth Amendment claims, as a matter of law.

## AS AND FOR A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

22. Plaintiff's lawsuit should be deemed frivolous under F.R.C.P. Rule 11.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT TOWN OF CRAWFORD PURSUANT TO FRCP RULE 13

23. Pursuant to Chapter 14 of the Code of the TOWN OF CRAWFORD, the TOWN OF CRAWFORD is required to indemnify and hold harmless its employees, which include volunteers expressly authorized to participate in a publicly sponsored volunteer program or any other person holding a position by election, appointment, or employment in the service of the TOWN OF CRAWFORD whether or not compensated, from any judgment, reasonable attorney's fees and litigation expenses arising out of the employee's position with the TOWN OF CRAWFORD.

24. Despite due demand, defendant TOWN OF CRAWFORD has not agreed to indemnify and hold defendant, DANIEL FLANICK, harmless from any judgment entered in this action and from any attorney's fees and litigation expenses incurred in this action.

25. Based on the foregoing, pursuant to Chapter 14 of the Code of the TOWN OF CRAWFORD, defendant DANIEL FLANICK demands that the TOWN OF CRAWFORD indemnify and hold him harmless from any judgment entered in this action and from any attorney's fees and litigation expenses incurred in this action.

**WHEREFORE,** Defendant DANIEL FLANICK demands judgment:

1.  dismissing the Verified Complaint;

2.  Apportioning liability between all parties;

3.  Granting the cross-claim requiring defendant TOWN OF CRAWFORD to indemnify

and hold him harmless from any judgment entered in this action and from any attorney's fees

and litigation expenses incurred in this action; and

4.  Awarding attorneys' fees, costs and disbursements of this action.


DATED:      Montgomery, NY
            May15, 2008


                                        Yours, etc.

                                        OSTRER ROSENWASSER, LLP

                                        By: s/ *Stewart A. Rosenwasser*
                                        STEWART A. ROSENWASSER (SR 0579)
                                        Attorneys for Defendant Flanick
                                        201 Ward Street Plaza, Suite 2-B
                                        Post Office Box 69
                                        Montgomery, NY 12549
                                        845-457-4646



TO:    SUSSMAN & WATKINS
       PO Box 1005
       Goshen, New York 10924

       ROBERT N. ISSEKS, ESQ.
       ALEX SMITH, ESQ.
       Attorneys for Plaintiff
       6 North Street
       Middletown, NY 10940
       845-344-4322

BERNARD BRADY, ESQ.
Attorney for Defendant Calaca
75 Main Street
Post Office Box 639
Goshen, NY 10924

JOSEPH A. CATANIA, JR., ESQ.
Attorneys for Defendant Detch
One Corwin Court
Newburgh, NY 12550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

KEVIN McGILL,

                         Plaintiff,

      -against-

JOHN CALACA, DANIEL FLANICK,
JAMES DETCH, and TOWN OF CRAWFORD,

                       Defendants.

--------------------------------------------------------X

**VERIFICATION**

Index No. 07 CIV 8083 (CLB)

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF ORANGE )

      DANIEL FLANICK, being duly sworn, deposes and says:

      That he is one the defendants herein; that he has read the foregoing Verified Answer and

knows the contents thereof; that same is true upon his personal knowledge or upon information

and belief.

                                             s/ *Daniel Flanick*
                                           DANIEL FLANICK

Sworn to before me this
15th day of April, 2008

s/ *Christel Z. Johnson*
Christel Z. Johnson
Notary Public, State of New York
Qualified in Ulster County, N.Y.
No. 4800872
Commission Expires 7/31/2009