UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KEVIN McGILL, Intervening Plaintiff,

                          Plaintiff(s),

       - against -

JOHN CALACA, DANIEL FLANICK, JAMES DETCH,
and TOWN OF CRAWFORD,

                          Defendant(s).
------------------------------------------------------------------------X

**VERIFIED  ANSWER**
to Intervening Plaintiff,
McGill's Complaint

Index No:
07 CIV 8083 (CLB)

       Defendant, TOWN OF CRAWFORD, by their attorneys, MIRANDA SOKOLOFF

SAMBURSKY SLONE VERVENIOTIS, LLP, answering the Intervening Plaintiff's Verified

Complaint:

## **PARTIES**

       1.      Denies any knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the paragraph of the Verified Complaint designated **"1"**

and respectfully refers all questions of law to the Court and all questions of fact to the trier

of fact.


       2.      Denies each and every allegation contained in the paragraph of the Verified

Complaint marked and designated as **"2"**, except admits, upon information and belief,

that John Calaca was the Town of Crawford Building Inspector between September 13,

2005 and January 4, 2006 and respectfully refers all questions of law to the Court and all

questions of fact to the trier of fact.


       3.      Denies each and every allegation contained in the paragraph of the Verified

Complaint marked and designated as **"3"**, except admits, upon information and belief, that Daniel Flanick was a member of the Town Board of the Town of Crawford between September 13, 2005 and January 4, 2006 and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

4.    Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated as **"4"**, except admits, upon information and belief, that James Detch was a member of the Police Advisory Board of the Town of Crawford between September 13, 2005 and January 4, 2006 and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

5.    Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"5" and "7"** insofar as the allegations pertain or relate to this answering defendant and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

6.    Admit, upon information and belief, those allegations contained in paragraph **"6"** of the Verified Complaint to the extent that the Town of Crawford is a municipal corporation organized under the laws of the State of New York which may sue and be sued in accordance with applicable provisions of New York law.

## JURISDICTION

7.    Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"8"** insofar as the allegations pertain or relate to this answering defendant and respectfully refers all questions of law to the Court and

all questions of fact to the trier of fact.

## FACTUAL ALLEGATIONS

8.      Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph(s) of the Verified Complaint designated "9", "12", "13", "14" and "15".

9.      Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated "10", "11", "16", "17", "21", "22", "23", "24(i)-(iii), and "35" insofar as the allegations pertain or relate to this answering defendant.

10.     Denies each and every allegation contained in the paragraph of the Verified Complaint marked and designated "18" insofar as the allegations pertain or relate to this answering defendant and begs leave to refer to same at the time of trial and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

11.     Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "19", "20", "25", "26", "27", "28", "29", "30", "32", "33" and "34".

12.     Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated "31" insofar as the allegations pertain or relate to this answering defendant and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## ANSWERING THE FIRST CAUSE OF ACTION

13.    As to paragraph number **"36"**, this answering defendant repeats, reiterates, and realleges each and every denial of the allegations contained in the paragraphs of the Verified Complaint designated **"1"** through **"35"** as if said denials were more fully and specifically set forth at length herein.

14.    Denies each and every allegation contained in the paragraphs of the Verified Complaint marked and designated **"37", "38" and "39"** and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS AND FOR A FIRST SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

15.    This answering defendant is entitled to qualified immunity as a matter of law since their actions were objectively reasonable.

## AS AND FOR A SECOND SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

16.    Plaintiff has no First Amendment cause of action under Bivens.

## AS AND FOR A THIRD SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

17.    Plaintiff has no viable First Amendment retaliation claim based upon there being insufficient evidence as a matter of law that the filing of the disorderly conduct against Babcock was a substantial or motivating factor of the alleged retaliatory conduct by defendant(s).

## AS AND FOR A FOURTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

18.    This answering defendant's actions did not give rise to a procedural due process claim under the Fourteenth Amendment based upon a failure to meet the standard two part test under Strong v. Board of Education, 902 F.2d 208, 211 (2d Cir.1990): 1) plaintiff's assertion of a property interest protected by the Constitution; and 2) defendants' depriving plaintiff of that property interest without due process.

## AS AND FOR A FIFTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

19.    This answering defendant's actions did not give rise to a substantive due process claim under the Fourteenth Amendment since they were not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998).

## AS AND FOR A SIXTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

20.    This answering defendant's actions did not shock the conscience since they were not intended to cause injury.

## AS AND FOR A SEVENTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

21.    This answering defendant did not intentionally treat plaintiff differently from other similarly situated persons because of a malicious intent to injure, or in the alternative, defendant did not intentionally treat plaintiff differently from others with no rational basis for the difference in treatment; as such, plaintiff's alleged Equal Protection violation under the Fourteenth Amendment must be dismissed as a matter of law. See e.g. Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005).

## AS AND FOR A EIGHTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

22.    The factual findings and legal conclusions contained within Justice Alfieri's Decision and Order in <u>People v. Daniel Flanick and John Calaca</u>, which dismissed all criminal charges, serve to collaterally estop the plaintiff's First and Fourteenth Amendment claims, as a matter of law.

## AS AND FOR A NINTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

23.    Plaintiff's business partner voluntarily, and without duress, sent a letter to the Town of Crawford Justice Department for the dismissal of the disorderly conduct charge against Babcock.

## AS AND FOR A TENTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

24.    This answering defendant never failed to issue any certificate of occupancy in connection with plaintiff's dog-training school business.

## AS AND FOR A ELEVENTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

25.    Plaintiff's lawsuit should be deemed frivolous under F.R.C.P. Rule 11 based upon: 1) Justice Alfieri's Decision and Order dismissing all criminal charges against Flanick and Calaca; and 2) the failure of Claude Babcock's conduct on or about September 13, 2005, to constitute disorderly conduct under Section 240.20 of the New York State Penal Law.

## AS AND FOR A TWELFTH SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE

26.    Plaintiff did not suffer any actual damages as a result of this answering

defendant's conduct.

### AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

27.    Punitive damages are not assessable against this answering defendant as a matter of law.

### AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

28.    Plaintiff's Verified Complaint fails to state a viable constitutional claim under the First or Fourteenth Amendments as a matter of law.

### AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS JOHN CALACA, DANIEL FLANICK and JAMES DETCH, DEFENDANT, TOWN OF CRAWFORD ALLEGES:

29.    If Plaintiff sustained any injuries or damages as alleged in the Verified Complaint, which this answering defendant denies, then such injuries or damages were caused by reason of the culpable conduct, acts or omissions, negligence, strict products liability, statutory violation (e.g. First and Fourteenth Amendments, 42 U.S.C. § 1983), breach of contract, obligation or warranty of the co-defendant(s) above-named.

30.    By reason of the foregoing, this answering defendant is entitled to indemnification (common-law and/or contractual) or contribution from, and to have judgment against the co-defendant(s) above-named, for all or part of any verdict or judgment that plaintiff may recover against this answering defendant.

**WHEREFORE**, defendant, TOWN OF CRAWFORD, demands judgment dismissing the Verified Complaint or, in the event the plaintiff recovers a verdict or judgment against this answering defendant, then said defendant demands judgment

against the co-defendants and plaintiff above-named on the cross-claim, for all or part of any such verdict or judgment, together with the attorneys' fees, costs and disbursements of this action.

DATED:    . Elmsford, New York
              June 2, 2008

                              Yours, etc.

                              MIRANDA SOKOLOFF SAMBURSKY SLONE
                              VERVENIOTIS, LLP
                              By: _____
                              Richard S. Sklarin (RSS 1017)
                              Attorneys for Defendant
                              TOWN OF CRAWFORD
                              570 Taxter Road
                              Elmsford, New York 10523
                              (914) 345-6510
                              Our File No.: 07-629

TO:

SUSSMAN & WATKINS
Attorneys for Plaintiff
MCGILL
P.O. Box 1005
Goshen, New York 10924
(845) 294-3991

ROBERT N. ISSEKS (RI 0241)
ALEX SMITH (AS 5052)
Attorneys for Plaintiff
LONG
6 North Street
Middletown, New York 10940
(845) 344-4322

BERNARD BRADY, ESQ
Attorney for Defendant
JOHN CALACA
75 Main Street
P.O. Box 639
Goshen, New York 10924

OSTRER ROSENWASSER, LLP
Attorneys for Defendants
DANIEL FLANICK
201 Ward Street Plaza, Suite 2-B
Post Office Box 69
Montgomery, New York 12549
(845) 457-4646


JOSEPH A. CATANIA, JR., ESQ.
Attorneys for Defendant
JAMES DETCH
One Corwin Court
Newburgh, New York 12550

## **ATTORNEY VERIFICATION**

**RICHARD S. SKLARIN**, an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the defendant TOWN OF CRAWFORD.   I have read the annexed **Verified Answer** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: file information contained in my possession.

The reason I make this affirmation instead of said defendant is your deponent maintains his office outside of the county in which the defendant maintains their places of business.

I affirm that the foregoing statements are true under penalties of perjury.

DATED:    Elmsford, New York
              June 2, 2008

_____
RICHARD S. SKLARIN